*EXHIBIT C*

# EXHIBIT C

### LIST OF ATTORNEYS/PARTIES

1.    Robert C. Lane
notifications@lanelaw.com
Stephanie L. Vera
stephanie.vera@lanelaw.com
Joshua D. Gordon
joshua.gordon@lanelaw.com
THE LANE LAW FIRM, PLLC
6200 Savoy Drive, Suite 1150
Houston, Texas 77036
Telephone: (713) 595-8200
Facsimile: (713) 595-8201

*Attorneys for Plaintiffs*

2.    Dale M. "Rett" Holidy
rholidy@germer.com
James A. Tatem
jatatem@germer.com
GERMER PLLC
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
Telephone: (713) 650-1313
Facsimile: (713) 739-7420

*Attorneys for Defendant*

### INDEX OF DOCUMENTS FILED
### WITH REMOVAL ACTION

### RAUL BUSTOS AND OLIVIA BUSTOS VS. STATE FARM LLOYDS

    (a)    Plaintiffs' Original Petition
    (b)    Return of Service Process for State Farm Lloyds
    (c)    Defendant State Farm Lloyds' Original Answer and Jury Demand
    (d)    Docket Sheet

10/31/2019 2:46 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38066038
By: Patricia Jones
Filed: 10/31/2019 2:46 PM

## *EXHIBIT C*

### CAUSE NO. 2019-79576

| | | |
|---|---|---|
| **RAUL BUSTOS AND OLIVIA BUSTOS,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS** | § | |
| | § | |
| *Defendant.* | § | |
| | § | **55th JUDICIAL DISTRICT** |

---

### PLAINTIFF'S ORIGINAL PETITION

---

Plaintiffs Raul Bustos and Olivia Bustos (hereinafter "Plaintiffs"), by and through the undersigned counsel, files this *Plaintiffs' Original Petition*, complaining of State Farm Lloyds (hereinafter "Defendant" or "State Farm"), and would respectfully show this Honorable Court the following:

### I.    DISCOVERY PLAN

1.    Plaintiffs intend discovery to be conducted under Level 2 of the Texas Rules of Civil Procedure, Rule 190.2.

### II.    PARTIES

2.    Plaintiffs are individuals that own real property in Harris County, Texas.

3.    Defendant is an insurance company engaged in the business of insurance in the State of Texas. This Defendant may be served with process by certified mail, return receipt requested, by serving its Registered Agent, Corporation Service Company at 211 E 7th Street, Suite 620, Austin, Texas 78701-3218. Service is hereby requested.

## *EXHIBIT C*

4.     If personal service cannot be perfected upon Defendants registered agents, **service via certified mail with return receipt is requested.**

### III.   JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over this action because Plaintiffs seek damages within the jurisdictional limits of this Court and because the causes of action asserted herein are not subject to exclusive jurisdiction in another court.

6.     This Court has jurisdiction over Defendant because it engages in the business of insurance in Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in Texas.

7.     Venue is proper under Texas Civil Practice and Remedies Code § 15.001 *et. seq.* because a substantial part of the events and omissions giving rise to the claims asserted herein occurred in Harris County, Texas.  Furthermore, venue is proper in Harris, County, Texas under Texas Civil Practice and Remedies Code § 15.032 because the insured property is located in this county.

### IV.   FACTUAL BACKGROUND

8.     Plaintiffs purchased a Homeowner's Insurance Policy (hereinafter referred to as "the Policy") issued by Defendant.

9.     During the effective policy period, Plaintiffs owned real property with improvements located at 12618 Cooperstown Drive, Houston, Texas 77089, located in Harris County (hereinafter referred to as "the Property").

10.    Defendant sold and issued Plaintiffs the Policy insuring the Property against damages caused by hail, windstorm and other covered perils.

# *EXHIBIT C*

11.    During the effective policy period, the Property described above sustained severe damages
to the roof due to the direct force of wind and hail. As a result, the inside of the Property
sustained resulting water damage from storm created openings in the roof.

12.    Plaintiffs duly notified Defendant of the damage sustained and asked that Defendant pay
for damages to the Property and other damages covered by the terms of the Policy.

13.    Defendant then assigned Plaintiffs Claim No. 531262T87 (hereinafter "the Claim").

14.    After its investigation, Defendant ultimately acknowledged coverage for damage from a
covered loss event but grossly underpaid the loss, despite the existence of obvious and
easily identifiable damages for which Defendant's liability for the extension of further
coverage was reasonably clear.

15.    As set forth below, Defendant failed to comply with the Policy, the Texas Insurance Code,
and Texas law in handling Plaintiffs' Claim by:

   a)    Wrongfully denying Plaintiffs' Claim for full repairs to the Property even though
the Policy provides coverage for losses such as those Plaintiffs are claiming;

   b)    Underpaying some of Plaintiffs' Claim by not providing full coverage for damages
sustained to the Property;

   c)    Improperly and inadequately scoping the damages to the Property during
Defendant's investigation; and

   d)    Continuing to delay in the payment of damages to the Property, including the roof
and interior.

16.    Moreover, Defendant breached its contractual obligation to Plaintiffs by continuing to
refuse to adequately compensate Plaintiffs for the damage to the Property pursuant to the
terms of the Policy.   Notably, Defendant refused to pay for the proceeds of the Policy
despite the fact pre-suit demand for payment in an amount sufficient to cover the damage
to the Property was made.

- 3 -

# *EXHIBIT C*

17.     Plaintiffs complied with all obligations under the Policy, and all conditions precedent to recovery upon the Policy are satisfied.

18.     Defendant continues to delay in the payment of the damage to the Property despite Plaintiffs' requests. Accordingly, Plaintiffs have still not been paid in full for the damages to the Property.

19.     As a result of Defendant's wrongful acts and omissions, Plaintiffs were forced to retain legal counsel to represent Plaintiffs with respect to these causes of action.

## V.   CAUSES OF ACTION

### BREACH OF CONTRACT

20.     Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

21.     Although Plaintiffs fully cooperated with Defendant, and despite the fact that all conditions precedent to recovery have been performed, waived, excused, or otherwise satisfied, Defendant has failed and refused to pay to Plaintiffs the benefits due under the Policy/contract of insurance in question, which was in full force and effect at the time of the occurrence which forms the basis of this lawsuit.

22.     Plaintiffs were forced by the actions of Defendant to retain the services of undersigned counsel and have agreed to pay undersigned counsel reasonable attorney's fees.

23.     Defendant's breach proximately caused Plaintiffs' injuries and damages.

### UNFAIR SETTLEMENT PRACTICES

24.     Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

# *EXHIBIT C*

25.    Defendant violated TEX. INS. CODE § 541.060(a) by engaging in unfair settlement practices during the handling of the claim. All of Defendant's violations are actionable pursuant to TEX. INS. CODE § 541.151.

26.    Defendant engaged in the following unfair settlement practices:

a)    Pursuant to TEX. INS. CODE § 541.060(a)(1), misrepresenting to Plaintiffs material facts or Policy provisions relating to the coverage at issue by misrepresenting the true scope and amount of the claim at issue despite the existence of obvious and easily identifiable property conditions warranting the extension of further coverage under the policy.

b)    Pursuant to TEX. INS. CODE § 541.060(a)(2)(A), failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though Defendant's liability under the Policy was reasonably clear. Specifically, Defendant failed to make an attempt to settle the Claim fairly despite the fact that Defendant was aware of its liability to Plaintiffs under the Policy.

c)    Pursuant to TEX. INS. CODE § 541.060(a)(3), failing to promptly provide Plaintiffs with a *reasonable* explanation of the basis in the Policy, in relation to the facts or applicable law, for Defendant's denial of the claim or offer of a compromise settlement of the Claim. Specifically, Defendant failed to offer Plaintiffs adequate compensation for damages to the Property without *reasonable* explanation as to why full payment was not being made.

d)    Pursuant to TEX. INS. CODE § 541.060(a)(4), failing within a reasonable time to affirm or deny coverage for the Claim to Plaintiffs or to submit a reservation of rights. Specifically, Plaintiffs did not receive a timely, written indication of acceptance or rejection regarding the entire claim.

e)    Pursuant to TEX. INS. CODE § 541.060(a)(7), refusing to pay Plaintiffs' Claim without conducting a *reasonable* investigation with respect to the Claim. Defendant's outcome-oriented investigation of the Claim resulted in an unfair evaluation of the damage to Plaintiffs' Property.

27.    Each of the foregoing unfair settlement practices was committed with knowledge by Defendant and was a producing cause of Plaintiffs' injuries and damages.

## MISREPRESENTATION OF INSURANCE POLICY VIOLATIONS

28.    Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

# *EXHIBIT C*

29.     Additionally, Defendant made misrepresentations about Plaintiffs' insurance policy and claim in violation of TEX. INS. CODE § 541.061.  All of Defendant's violations are actionable pursuant to TEX. INS. CODE § 541.151.

30.     Defendant engaged in deceptive insurance practices by:

      a) Making an untrue statement of material fact in violation of § 541.061(1). Specifically, Defendant misrepresented the true scope and amount of the claim despite the existence of obvious and easily identifiable property conditions warranting the extension of further coverage under the policy.

31.     Each of the foregoing unfair settlement practices was committed with knowledge by Defendant and was a producing cause of Plaintiffs' injuries and damages.

## PROMPT PAYMENT OF CLAIMS VIOLATIONS

32.     Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

33.     Plaintiffs gave Defendant proper notice of claim under the insurance Policy issued by Defendant.  As set forth more fully below, Defendant's conduct constitutes a violation of the Texas Prompt Payment of Claims Statute, which is made actionable by TEX. INS. CODE § 542.060.

34.     Specifically, Defendant violated the Prompt Payment of Claims provisions of TEX. INS. CODE § 542 by:

      a) Delaying payment of the Claim following Defendant's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE § 542.058. Defendant delayed full payment of the Claim and, to date, Plaintiffs have still not received full payment of the amount owed on this Claim.

# *EXHIBIT C*

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING/BAD FAITH

35.   Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

36.   Since Plaintiffs initially presented the Claim to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. The damage to Plaintiffs' home was not apparent until after the loss made the basis of Plaintiffs' insurance claim. It is no coincidence that there was no apparent storm damage prior to the loss, and significant damage just after. The wind and hail damage to the property was at all times reasonably clear during Defendant's claim investigation, such that any adjuster or insurance carrier acting in good faith would know or should have known to acknowledge and accept coverage for such damages. Instead, Defendant purposely failed to acknowledge and accept full coverage for reasonably clear hail and wind damage. Alternatively, Defendant was grossly negligent in failing to acknowledge and accept full coverage for the reasonably clear wind and hail damages to the property.

37.   As a result of Defendant's outcome-oriented investigation, Defendant continues to refuse to pay Plaintiffs in full for the Claim.

38.   Defendant denied coverage and delayed payment for the full amount of Plaintiffs' claim when it had no reasonable basis for doing so.  Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, and its failure, as set forth above, to adequately and reasonably investigate and evaluate Plaintiffs' Claim, constitutes a breach of the duty of good faith and fair dealing.

## VI.  KNOWLEDGE

39.   Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

# *EXHIBIT C*

40.     Each of the acts as set forth in each of the afore-mentioned causes of action, together and singularly, were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiffs' damages described herein.

## VII. DAMAGES

41.     Plaintiffs would show that all of the aforementioned acts, taken together or independently, establish the producing causes of the damages sustained by Plaintiffs.

42.     Plaintiffs' damages have yet to be fully addressed or repaired since the incident, causing further damage to the Property and causing undue burden to Plaintiffs. Upon trial of this case, it will be shown that these damages are a direct result of Defendant's improper handling of the Claim in violation of the laws set forth above.

43.     For the breach of contract, Plaintiffs are entitled to regain the benefit of the bargain, which is the amount of the Claim, together with attorney's fees.

44.     As a result of the noncompliance with the Texas Insurance Code Unfair Settlement Practices provisions, Plaintiffs are entitled to actual damages, which includes the loss of the contractual benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorney's fees. For Defendants' knowing conduct in violating these laws, Plaintiffs respectfully request treble damages pursuant to TEX. INS. CODE § 541.152.

45.     Pursuant to TEX. INS. CODE § 542.060, as a result of the noncompliance with the Texas Insurance Code Prompt Payment of Claims provisions, Plaintiffs are entitled to the entire amount of the Claim, eighteen (18) percent interest per annum on the amount of the Claim and reasonable and necessary attorney's fees.

46.     For the breach of the common-law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendant's breach, exemplary damages, and damages for emotional distress.

# *EXHIBIT C*

47.   For the fraud committed, Plaintiffs are entitled to recover actual damages and exemplary damages for knowing, fraudulent misrepresentations, together with attorneys' fees, interest, and court costs.

48.   As a result of the necessity in engaging the services of an attorney to prosecute this claim, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

49.   Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs are seeking only monetary relief of $75,000.00 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

## VIII.   JURY DEMAND

50.   Plaintiffs hereby request that all causes of action alleged herein be tried before a jury, and hereby tender the appropriate jury fee.

## IX.   WRITTEN DISCOVERY

51.   Pursuant to Texas Rule of Civil Procedure 194, Plaintiffs request that Defendant disclose the information or material described in Rule 194.2.

52.   Attached to this petition are Plaintiffs' Requests for Production and Plaintiffs' Interrogatories.

## X.   PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs respectfully pray that upon trial hereof, final judgment be rendered for Plaintiffs as follows:

1)   Judgment against Defendant for actual damages, including mental anguish, in an amount to be determined by the jury;

2)   Statutory penalties;

-9-

# *EXHIBIT C*

3)    Treble damages;

4)    Exemplary and punitive damages;

5)    Prejudgment interest as provided by law;

6)    Post-judgment interest as provided by law;

7)    Attorneys' fees;

8)    Costs of this suit; and

9)    Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

**THE LANE LAW FIRM, PLLC**

By: */s/ Robert C. Lane*
Robert C. Lane
State Bar No. 24046263
notifications@lanelaw.com
Stephanie L. Vera
State Bar No. 24096155
stephanie.vera@lanelaw.com
Joshua D. Gordon
State Bar No. 24091592
Josua.gordon@lanelaw.com
6200 Savoy Drive, Suite 1150
Houston, Texas 77036
(713) 595-8200 – Telephone
(713) 595-8201 – Fax
**ATTORNEYS FOR PLAINTIFFS**

# *EXHIBIT C*

CAUSE NO. _____

| | | |
|---|---|---|
| **RAUL BUSTOS AND OLIVIA BUSTOS,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS** | § | |
| | § | |
| *Defendant.* | § | |
| | § | _____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S REQUESTS FOR PRODUCTION OF DEFENDANT
## STATE FARM LLOYDS

TO:    Defendant, State Farm Lloyds, by and through its registered agent for service of record,

Corporation Service Company
211 E 7ᵗʰ Street, Suite 620
Austin, Texas 78701-3218

Pursuant to Rule 196 of the Texas Rules of Civil Procedure, Plaintiff requests that Defendant take notice that you are required to serve your responses to Plaintiff's Requests for Production within fifty-one (51) days after the service of this notice. Your answers must be in writing and provided under oath. Please note that you have a duty to supplement your answers should you later learn that an answer you have given was incorrect when given, or that an answer, while correct when given, is no longer true.

<div style="margin-left: 40%;">

Respectfully submitted,
**THE LANE LAW FIRM, P.L.L.C.**
By: */s/ Robert C. Lane*
Robert "Chip" C. Lane
State Bar No. 24046263
notifications@lanelaw.com
6200 Savoy Drive, Suite 1150
Houston, Texas 77036-3300
(713) 595-8200 – Telephone
(713) 595-8201 – Facsimile
**ATTORNEYS FOR PLAINTIFFS**

</div>

## CERTIFICATE OF SERVICE

1

# *EXHIBIT C*

I hereby certify that the foregoing discovery was filed with Plaintiff's Original Petition for service to the following:

Corporation Service Company
211 E 7th Street, Suite 620
Austin, Texas 78701-3218
**ATTORNEY FOR DEFENDANT**

*/s/ Robert C. Lane*
Robert C. Lane

2

# *EXHIBIT C*

**A.** **Instructions and Definitions**

1.    Answer each request for documents separately by listing the documents and by describing them as defined below. If documents are numbered for production, in each response provide both the information that identifies the document and the document's number.

2.    <u>Log</u>. For each document or other requested information that you assert is privileged or is not discoverable, identify that document or other requested information. State the specific grounds for the claim of privilege or other ground for exclusion. Also, for each document you claim is not discoverable, state the date of the document, the name, job title and address of the person who prepared it; the name, job title and address of the person now in possession of the document; a general description of the subject matter of the document; and the present location and the custodian of the document.

3.    <u>Lost/Destroyed Documents</u>. For a document that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

4.    <u>Document Format</u>. Pursuant to Rule 196.4 of the Texas Rules of Civil Procedure, you are requested to produce any responsive documents that are in electronic or magnetic form. If reasonably available, the data should be produced in printed form. Otherwise, such data should be produced in the form in which it is maintained or stored together with a description of the necessary electronic or magnetic retrieval methods and the means to so retrieve (if such methods are otherwise unavailable to Plaintiff).

5.    "All" shall mean "any," and vice versa.

6.    "And" and "or" shall be construed either disjunctively or conjunctively whenever appropriate in order to bring within the scope of the Requests any information or documents which might otherwise be considered beyond its scope.

7.    "Communications" shall mean any transmission of information, the information transmitted, and any process by which information is transmitted, and shall include written communications and oral communications.

8.    "Relating to," "concerning," "pertaining to," "regarding," "reflecting," "in connection with" (or any form thereof) shall mean constituting, comprising, respecting, supporting, contradicting, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, or relevant to.

9.    "Describe" or "state" shall mean to represent, delineate, and give an account of in words any and all information allowed to the fullest extent of the law.

3

# *EXHIBIT C*

11.    "Document" or "documents" shall mean all documents and tangible things as defined by Rule 192.3(b) of the Texas Rules of Civil Procedure, including, but not limited to, all written, reported, recorded, printed or typed or graphic matter, and tangible things, however produced or reproduced, now or at any time in the possession, custody or control of you, including but not limited to all papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotape recordings, data, data compilations, electronic data, magnetic data, files (see next definition), letters, correspondence, telegrams, telexes, electronic mail, cables, telephone records, logs and notations, intra summaries, messages, audio tapes, digital recordings, computer discs or tapes, computer programs and software, film, invoices, purchase orders, ledgers, journals and other formal and informal books of record and account, calendars, minutes, bulletins, instructions, work assignments, reports, memoranda, notes, notebooks, speeches, brochures, overhead slides, drafts, data announcements, public and governmental filings, opinions, worksheets, statistics, contracts, agreements, press releases, public statements and/or announcements, parts lists, Bill of Material (BOMs), production plans or forecasts, inventory lists (including work in progress and finished goods), parts orders and forecasts, intra-corporate drafts of the foregoing items and copies or reproductions of the foregoing upon which notations in writing have been made which do not appear on the original, and shall be deemed to include all tangible items not otherwise referred to above.

12.    "Files" shall mean and refer to any compilation or "documents" in a folder, box, binder, file, or other device for the purpose of storing, organizing, or otherwise, and all "files" shall be identified as to source and location in connection with the production of "documents" and/or "files."

13.    As used herein, the term "person" includes any individual, partnership, company, proprietorship, association, corporation, joint venture, firm, trust, business, or any other legal entity whether public or private.

14.    All entities named or referred to herein shall be deemed to include their parent companies, subsidiaries, affiliates and any of the directors, officers, employees, agents and representatives thereof, including attorneys and investment bankers.

15.    "Defendant", "you", and "yours" shall mean State Farm Lloyds, as applicable, each of its subsidiaries, divisions, affiliates, partners, or parents, and any of its officers, directors, employees, agents, representatives, or other persons or entities acting on its behalf or under its direction or control.

16.    The term "Plaintiffs" as used herein, shall refer to Raul Bustos and Olivia Bustos, plaintiff named in the above-referenced lawsuit, as well as his agents and representatives, or other persons acting on his behalf or under their direction or control.

17.    The term "Property" as used herein shall refer to 12618 Cooperstown Drive, Houston, Texas 77089.

## *EXHIBIT C*

18.     The term "Record(s)" means all documents and writings of any kind, and all communications (as defined above) which are stored or retrievable or recorded in any manner, including originals and all non-identical copies whether different from the originals by notation made on such copies or otherwise, all drafts, alterations, modifications, changes and amendments, graphic or any electronic or mechanical records or representation of any kind.

19.     The "Event" as used herein shall refer to the loss made the basis of Plaintiff's insurance claim bearing Claim No. 531262T87.

20.     "Date of Loss" shall refer to the day the Event occurred.

21.     "The Claim" means the insurance claim made the basis of the breach of contract claim against Defendant in this lawsuit.

### B.     REQUEST FOR PRODUCTION OF DOCUMENTS, ITEMS AND THINGS

**REQUEST NO. 1:**     The claim files from the home, regional or local offices, and third party adjusters/adjusting firms regarding the claim that is the subject of this matter, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file.  If none, state "none."

**RESPONSE:**

**REQUEST NO. 2:**     The underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.  If none, state "none."

**RESPONSE:**

**REQUEST NO. 3:**     A certified copy of the insurance policy pertaining to the claims involved in this suit.

**RESPONSE:**

**REQUEST NO. 4:**     The electronic diary, including the electronic and paper notes made by Defendant's claims personnel, contractors, and third party adjuster/adjusting firms relating to the Plaintiff's claims.

**RESPONSE:**

**REQUEST NO. 5:**     Your current written procedures or policies (including document(s) maintained in electronic form) that pertain to the handling of homeowner's insurance claims in Texas.
**RESPONSE:**

# *EXHIBIT C*

**REQUEST NO. 6:**   Your current written procedures or policies (including documents maintained in electronic form) that pertain to the handling of complaints made by policyholders in Texas.

**RESPONSE:**

**REQUEST NO. 7:**   The adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

**RESPONSE:**

**REQUEST NO. 8:**   True and complete copies of all billings on the file from the independent adjusters, including the time sheets or documentation used to justify the billings.

**RESPONSE:**

**REQUEST NO. 9:**   Any and all reports, documents or correspondence containing the names and locations of all adjusters who have worked on this file to the present.

**RESPONSE:**

**REQUEST NO. 10:**   Any and all reports, documents or correspondence reflecting the history of payment and reserves on this file.

**RESPONSE:**

**REQUEST NO. 11:**   Any roofing repair reports prepared concerning the Property.

**RESPONSE:**

**REQUEST NO. 12:**   The field notes, measurements and file maintained by the adjuster(s) and/or engineers who physically inspected the subject property.

**RESPONSE:**

**REQUEST NO. 13:**   All emails, instant messages and internal correspondence regarding the investigation, adjusting, payment and/or handling of the claim(s) made the basis of this suit.

**RESPONSE:**

**REQUEST NO. 14:**   Any videotapes, photographs or recordings of Plaintiff or Plaintiff's home, taken within the last five years, regardless of whether you intend to offer these items into evidence at trial.
**RESPONSE:**

# *EXHIBIT C*

**REQUEST NO. 15:** For the last two years, Defendant's internal newsletters, bulletins, publications and memoranda relating to policies and procedures for handling homeowner's insurance claims, including but not limited to, memoranda issued to claims adjusters.

**RESPONSE:**

**REQUEST NO. 16:** The price guidelines that pertain to Plaintiff's claim. In the event you utilize published guidelines or "off the shelf" software, without modification, as your price guidelines, you may respond by simply identifying by name, version, and/or edition the published guidelines you use.

**RESPONSE:**

**REQUEST NO. 17:** Plaintiff's file from the office of their insurance agent.

**RESPONSE:**

**REQUEST NO. 18:** For the past two years, the documents, manuals, and training materials, including audio and/or video tapes used in training, overseeing, or supervising your personnel employed in adjusting property claims in Texas.

**RESPONSE:**

**REQUEST NO. 19:** "Pay Sheet," "Payment Log," or list of payments made on Plaintiff's claim. This includes all indemnity, claim expenses and third party payments.

**RESPONSE:**

**REQUEST NO. 20:** True and complete copies of all billing records from any and all independent adjusters regarding the claim(s) made the basis of this suit.

**RESPONSE:**

**REQUEST NO. 21:** For the past five years, the portions of the personnel file of the adjuster(s) involved in handling Plaintiff's claim that pertain to disciplinary actions associated with claims handling and performance under a bonus or incentive plan.

**RESPONSE:**

**REQUEST NO. 22:** The managerial bonus or incentive plan for the manager(s) assigned to or responsible for Plaintiff's claim.

**RESPONSE:**

# *EXHIBIT C*

**REQUEST NO. 23:**  The bonus or incentive plan for the adjuster(s) assigned to Plaintiff's claim.

**RESPONSE:**

**REQUEST NO. 24:**  For the past two years, the documents reflecting your criteria and procedure for the selection and retention of independent adjusters and engineers handling property damage claims in Texas.

**RESPONSE:**

**REQUEST NO. 25:**  If a third party engineer evaluated the subject property, provide the documents that show the number of other matters in which the same engineers were retained by you to evaluate other properties over the past five years.

**RESPONSE:**

**REQUEST NO. 26:**  The Complaint Log required to be kept by you for claims handling complaints in Texas filed over the past three years.

**RESPONSE:**

**REQUEST NO. 27:**  For the past two years, your approved or preferred vendor list for engineers, third party adjusters/adjusting companies, roofers and contractors, for property damage claims in Texas.

**RESPONSE:**

**REQUEST NO. 28:**  If you used the services of a third party adjusting company, the contract between the Defendant insurer and the third party adjusting company.

**RESPONSE:**

**REQUEST NO. 29:**  The correspondence between the Defendant insurer and the third party adjuster/adjusting firms, engineers and other estimators who worked on the Claim that pertain to the claims at issue in this suit.

**RESPONSE:**

**REQUEST NO. 30:**  The name and license number for all adjusters seen in this case.

**RESPONSE:**

**REQUEST NO. 31:**  Copies of all job descriptions of employees that adjusted or in any way supervise the handling of Plaintiff's claim(s).

**RESPONSE:**

-8-

# *EXHIBIT C*

**REQUEST NO. 32:**  Any and all reports, documents or correspondence reflecting the reserves and payment history for indemnity, expenses and vendors on this file including but not limited to dates, changes and requests made by the adjusters.

**RESPONSE:**

**REQUEST NO. 33:**  The assigned adjuster's damage estimates, photos, and scope of damage.

**RESPONSE:**

**REQUEST NO. 34:**  Special Investigations Unit file if one exists.

**RESPONSE:**

**REQUEST NO. 35:**  All documents between insured and his agent and between insured and claims department related to Plaintiff's claim.

**RESPONSE:**

**REQUEST NO. 36:**  All memos between adjuster, supervisor and management pertaining to Plaintiff's claim.

**RESPONSE:**

**REQUEST NO. 37:**  Documents and training materials regarding the estimating program that is used by Defendants in estimating and scoping of damages for insurance claims in Texas.  This also includes any pricing guidelines and program updates.

**RESPONSE:**

**REQUEST NO. 38:**  Any and all records and/or documents explaining criteria utilized to qualify vendors for the "approved vendors list."

**RESPONSE:**

**REQUEST NO. 39:**  Any and all records and/or documents reflecting the criteria utilized to qualify vendors, including contractors, roofing companies, and adjusting companies, for the "approved vendors list."

**RESPONSE:**

**REQUEST NO. 40:**  Any and all organizational charts or diagrams for each department, unit, or section of Defendant to which Plaintiff's claim(s) was assigned. This request is limited to the last five years.

## *EXHIBIT C*

**RESPONSE:**

**REQUEST NO. 41:**  Any and all indemnity agreements between Defendant and any other person, firm or corporation against which a claim of indemnification might be brought because of the facts of this lawsuit.

**RESPONSE:**

**REQUEST NO. 42:**  Any and all materials, handouts, manuals, outlines, articles and/or documents issued by Defendant to claims representative and/or adjusters, or received by claims representatives and/or adjusters, or relied upon by claims representatives and/or adjusters, pertaining to the adjusting and/or handling of property damage claims in Texas.  This request is limited to any of the above issued in the last two (2) years.

**RESPONSE:**

**REQUEST NO. 43:**  Any and all materials, documents, files and/or reports containing list(s) of adjusting companies, independent adjusters, contractors and roofing companies that have been approved and/or recommended for performance of services for Defendant in Texas, specifically related to homeowner insurance claims.

**RESPONSE:**

**REQUEST NO. 44:**  Any and all reference materials, handouts, manuals, outlines, articles and/or documents that have been distributed by and/or disbursed to Defendant regarding the price estimates of contractors and changes of those estimates within different geographical areas of the State of Texas.  This request is limited to the last two (2) years.

**RESPONSE:**

**REQUEST NO. 45:**  For the last year, all emails between Defendant's adjusters, agents, supervisors, officers and/or executives regarding changes in the educational programs relating to the handling of residential homeowner's insurance claims.

**RESPONSE:**

**REQUEST NO. 46:**  For the past five (5) years, any and all lawsuits related to claims handling involving the adjuster(s) or personnel assigned to Plaintiff's claim.  This can be in the form of a list detailing the information above with the style of the lawsuit, court, county, causes of action made the basis of the lawsuit, the type of insurance claim made the basis of the lawsuit, the year the lawsuit was filed and whether the lawsuit is still pending or not.

**RESPONSE:**

-10-

# *EXHIBIT C*

**REQUEST NO. 47:**  Any and all correspondence and lawsuits concerning the issues of honesty, conflict of interest, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior of any person associated with the handling of the claim made the basis of this suit, including staff and vendors.

**RESPONSE:**

**REQUEST NO. 48:**  For the past year, any and all answers and affidavits made by Defendants and its counsel in previous discovery requests for training procedures or training manuals for the handling of property damage claims.

**RESPONSE:**

**REQUEST NO. 49:**  If you dispute that the cause of the loss was related solely to the Event, produce the engineering reports in your possession regarding damage to property within a one-mile radius of the insured property caused by the Event.

**RESPONSE:**

**REQUEST NO. 50:**  Any documents or correspondence regarding investigations into Defendant's homeowner's insurance claims handling performed by the Texas Department of Insurance or any other regulatory body, including the government, within the past 2 years.

**RESPONSE:**

**REQUEST NO. 51:**  Please provide any documentation of financial information which may be necessary to determine whether Defendant is a wholly owned subsidiary of another entity.

**RESPONSE:**

**REQUEST NO. 52:**  All communications and documents, including electronic, between Defendant's business departments, including all persons part of the Defendant Company, regarding Plaintiff's claim.

**RESPONSE:**

**REQUEST NO. 53:**  All reports and other documents from governmental agencies or offices regarding Plaintiff's property or containing officially kept information regarding Plaintiff's property.

**RESPONSE:**

**REQUEST NO. 54:**  Any and all claims files Defendant has reviewed and/or obtained regarding Plaintiff's property.
**RESPONSE:**

## *EXHIBIT C*

**REQUEST NO. 55:**  Any and all activity logs relating to Plaintiff's insurance claim made the basis of this suit.

**RESPONSE:**

**REQUEST NO. 56:**  All physical and/or tangible items and/or potentially usable evidence obtained by or on behalf of Defendant from the scene of the occurrence made the basis of this suit.

**RESPONSE:**

**REQUEST NO. 57:**  Any and all documents, including correspondence and checks, exchanged between Defendant and any and all vendors concerning Plaintiff's claim(s).

**RESPONSE:**

**REQUEST NO. 58:**  Any and all documents relating to the assignment of Plaintiff's claim(s) to an independent adjusting company and/or independent adjuster.

**RESPONSE:**

**REQUEST NO. 59:**  Any and all documents, including contracts, rules, guidelines and/or instructions exchanged between Defendant, Plaintiff, and any other entities with whom Defendant worked or communicated regarding Plaintiff's property.  This includes documents exchanged with independent adjusting companies and/or independent adjusters assigned to Plaintiff's claim.

**RESPONSE:**

**REQUEST NO. 60:**  The information regarding weather conditions on which you relied in making decisions on Plaintiff's claim(s).

**RESPONSE:**

# *EXHIBIT C*

CAUSE NO. _____

| | | |
|---|---|---|
| RAUL BUSTOS AND OLIVIÀ BUSTOS, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| | § | |
| STÀTE FARM LLOYDS | § | |
| | § | |
| *Defendant.* | § | |
| | § | _____ JUDICIAL DISTRICT |

---

## PLAINTIFF'S INTERROGATORIES TO DEFENDANT
## STATE FARM LLOYDS

---

TO:   Defendant, State Farm Lloyds, by and through its registered agent for service, Corporation Service Company, 211 E 7th Street, Suite 620, Austin, Texas 78701-3218.

Plaintiff requests that Defendant take notice that you are required, pursuant to Rule 197 of the Texas Rules of Civil Procedure, to serve on the undersigned, within fifty-one (51) days after the service of this notice, your answers to the interrogatories that are set forth below.   Your answers must be in writing and provided under oath.   Please note that you have a duty to supplement your answers to these interrogatories should you later learn that an answer you have given was incorrect when given, or that an answer, while correct when given, is no longer true.

Respectfully submitted,

THE LANE LAW FIRM, PLLC

By: */s/ Robert C. Lane*
Robert "Chip" C. Lane
State Bar No. 24046263
notifications@lanelaw.com
Stephanie L. Vera
State Bar No. 24096155
stephanie.vera@lanelaw.com

1

# *EXHIBIT C*

Joshua D. Gordon
State Bar No. 24091592
Josua.gordon@lanelaw.com
6200 Savoy Drive, Suite 1150
Houston, Texas 77036-3300
(713) 595-8200 – Telephone
(713) 595-8201 – Facsimile
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing discovery was filed with Plaintiff's Original Petition for service to the following:

Corporation Service Company
211 E 7th Street, Suite 620
Austin, Texas 78701
**REGISTERED AGENT FOR DEFENDANT**
**STATE FARM LLOYDS**

*/s/ Robert C. Lane*
Robert C. Lane

2

# *EXHIBIT C*

## I.
## DEFINITIONS AND INSTRUCTIONS

A.    The terms "Defendant," "you," and "yours," as used herein shall refer to the defendant State Farm Lloyds in this action.

B.    The term "Property" shall refer to the property located at 12618 Cooperstown Drive, Houston, Texas 77089.

C.    The term "Plaintiffs" as used herein shall refer to Raul Bustos and Olivia Bustos and all of his/her/its agents or attorneys purporting to act on his behalf, whether authorized to do so or not.

D.    The term "person" as used herein shall mean the plural as well as the singular, including but not limited to the following: natural persons, corporations, firms, associations, partnerships, joint ventures, or other form of legal business entity, and governmental agencies, departments, units or any subdivision thereof.

E.    "The Policy" means the insurance policy that is the basis of claims made against Defendant in this lawsuit.

F.    The "Event" as used herein shall to the loss event made the basis of the Claim.

G.    "Date of Loss" shall refer to the day the Event occurred.

H.    "Insured Location" means the real property at the location described in the Policy declarations.

I.    "Dwelling" means the dwelling located at the Insured Location at the time of the date of loss.

J.    "Other Structures" means any structures located at the Insured Location during the date of loss that are set apart from the Dwelling by a clear space, including those connected only by a fence, utility line, or similar connection.

K.    "Other Damages" means debris removal, temporary repairs, tree and shrub removal, personal property removal and storage, loss of use and additional living expenses.

L.    "Personal Property" means any or all of the personal property and business personal property that is the subject of the claims made against Defendant in this lawsuit.

M.    "Your Counsel" means the attorney or attorneys who are representing or have represented you either with regard to the claim or in this lawsuit.

3

# *EXHIBIT C*

N.   "The Claim" means the insurance claim made the basis of the breach of contract claim against Defendant in this lawsuit.

O.   "Written Communication" means the conveyance of information by a writing, whether by letters, emails, memoranda, handwritten notes and/or faxes.

P.   "Witness Statement" means the statement of any person with knowledge of relevant facts, regardless of when the statement was made, and is a (1) written statement signed or otherwise adopted or approved in writing by the person making it, or (2) a stenographic, mechanical, electrical, or other type of recording of a witness's oral statement, or any substantially verbatim transcript of such recording.  *See* Texas Rule of Civil Procedure 192.3(h).

Q.   "Date" means the exact date, month and year, if ascertainable, or if not, the best available approximation.

R.   The term "document" is used herein in the broadest possible sense, and includes but is not limited to the originals and all copies of the following:  contracts, agreements, checks, drafts, appraisals, affidavits, notices, memoranda, letters, correspondence of any and all types, intercorporate communications, reports, bulletins, instructions, sketches, notebooks, diaries, telephone logs, agenda, minutes, schedules, plans, drawing specifications, charts, tables, books, pamphlets, circulars, photographs, films, videotapes, videodiscs, prints, audio tapes, audio disks and all other forms of sound recordings, computer databases, computer disks or tapes, archival copies of computer disks or tapes, computer software, financial records including all ledgers, worksheets, budgets, projections, estimates, or opinions, as well as all writings of any nature whatsoever, including all copies and electrical, photostatic, or mechanical reproductions of all of the foregoing items, and including each copy or reproduction that contains any notation or amendment, or otherwise differs in any respect from the original.

S.   The term "communication" shall mean any contact between two or more persons and shall include, but not be limited to, any written, recorded, graphic or oral statement, testimony, meeting, question, complaint, command, supposition, or conjecture, however produced or reproduced, and whether or not made under oath, which is made, distributed, or circulated between or among persons, or data storage or processing units, and any and all documents containing, consisting of, or relating to, a communication.

T.   To "identify" a document shall include a statement of the following:

    1.   the title, heading, or caption, if any, of such document;

    2.   the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if

# EXHIBIT C

necessary to an understanding of the document or evaluation of any claim of protection from discovery;

3.  the date appearing on such document; and if no date appears thereon, the answer shall give the approximate date on which the document was prepared;

4.  the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.) with sufficient particularity so that such document can be precisely identified;

5.  the name and capacity of the person who signed such document or over whose name such document was issued; and if it was not signed, the answer shall so state and shall give the name of the person who prepared it;

6.  the names and capacities of all persons to whom such document of any copy was addressed, sent, or delivered;

7.  the physical location of the document and the name of its custodian;

8.  whether it will be voluntarily made available to plaintiff for inspection and copying; and if not, the reasons why not.

U.  To "identify" a person shall include a statement of the following, where applicable:

1.  the full name of the person, if known; (if not known, the answer shall so state);

2.  the person's employer, job title (if known), address, and telephone number at the time of the event, transaction, or occurrence to which the interrogatory relates;

3.  if different from the information above, the person's last known employer, job title, address, and telephone number; (If not known, the answer shall so state); and

4.  the person's present residential address and telephone numbers, if known.

V.  To "identify" a communication means to state:

1.  the name of each person who participated in the communication and the name of each person who was present at the time it was made;

2.  by whom each person was employed and who each person represented or purported to represent in making such communication;

3.  the substance of the communication;

5

# *EXHIBIT C*

4.      the date and place of such communication;

5.      the nature and substance of each document recording or pertaining to such communication with sufficient particularity to enable it to be identified;

6.      the physical location of each such document and the name of its custodian; and

7.      whether it will be voluntarily made available to plaintiff for inspection and copying; and if not, the reasons why not.

## II.
## GENERAL INSTRUCTIONS

1.      In answering these interrogatories, please furnish all information that is known or available regardless of whether this information is possessed directly by you, or by your agents, employees, representative, attorneys, or investigators.

2.      If any of these interrogatories cannot be answered in full, please answer to the extent possible, specifying the reasons for the inability to answer the remainder and stating whatever information, knowledge, or belief you have concerning the unanswered portion.

3.      Documents produced in response hereto shall be organized and labeled to correspond to the categories in the request or produced as they are kept in the usual course of business.

4.      If privilege of work product protection is claimed as a ground for withholding production of one or more documents, in whole or in part, the response hereto shall identify the date of the document, its author, its subject matter, its length, its attachments, if any, its present custodian, and all recipients thereof, whether indicated on the document or otherwise, and shall describe the factual basis for the claim of privilege or work product protection in sufficient detail so as to permit the court to adjudicate the validity of the claim.

5.      In the event that a document called for by these requests has been destroyed, the response hereto shall identify the preparer of the document, its addressor (if different), addressee, each recipient thereof, each person to who distributed or shown, date prepared, date transmitted (if different), date received, a description of its contents and subject matter, the date of its destruction, the manner of its destruction, the name, title and address of person authorizing its destruction, the reason(s) for its destruction, the name, the title and address of the person destroying the document and a description of efforts to locate the document and copies of it.

6.      Each paragraph herein shall be construed independently and not with reference to any other paragraph for the purpose of limitation.

6

## *EXHIBIT C*

### INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each person participating in the preparation of answers to these interrogatories, supplying information used in such preparation, or contacted by you to answer or offer any input into answering these interrogatories. As to each person so identified, indicate the interrogatories with respect to which the person was involved. Further, state your relationship to each such person.

### ANSWER:

**INTERROGATORY NO. 2:** Identify the persons involved in the investigation and handling of Plaintiff's claim for insurance benefits, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

### ANSWER:

**INTERROGATORY NO. 3:** With regard to any conversation, communication or meeting between you and Plaintiff regarding the subject of the litigation:

    a.  state the date of the conversation, communication or meeting;

    b.  identify all persons present at or privy to the conversation, communication or meeting and all persons with knowledge of the matters discussed at the meeting;

    c.  state in detail what was discussed during the conversation, communication or meeting; and

    d.  identify all documents relating, incident to or resulting from the conversation, communication or meeting.

### ANSWER:

**INTERROGATORY NO. 4:** State whether you contend that Plaintiff did not provide you with requested information that was required for you to properly evaluate Plaintiff's claim. If so, state what information was requested and not provided, and the dates of the requests.

### ANSWER:

**INTERROGATORY NO. 5:** State the following concerning notice of claim and timing of payment:

    a.  The date and manner in which you received notice of the claim;
    b.  The date and manner in which you acknowledged receipt of the claim;
    c.  The date and manner in which you commenced investigation of the claim;

## *EXHIBIT C*

    d.  The date and manner in which you requested from the claimant all items, statements, and forms that you reasonably believed, at the time, would be required from the claimant;

    e.  The date you received from Plaintiff all items, statements, and forms that you reasonably believed would be required from Plaintiff; and

    f.  The date and manner in which you notified the claimant in writing of the acceptance or rejection of the claim.

**ANSWER:**

**INTERROGATORY NO. 6:**    State every basis, in fact and in terms of the Policy, for your denial of Plaintiff's claim, or any portion of Plaintiff's claim.

**INTERROGATORY NO. 7:**    State the legal theories and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Texas Insurance Code Section 541.060, the violation of which is alleged in Plaintiff's current live pleading against Defendant.

**ANSWER:**

**INTERROGATORY NO. 8:**    State the legal theories and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.058.

**ANSWER:**

**INTERROGATORY NO. 9:**    When was the date you anticipated litigation?

**ANSWER:**

**INTERROGATORY NO. 10:**    What documents (including those maintained electronically) relating to the investigation or handling of a homeowner's property insurance claim in Texas are routinely generated during the course of the investigation and handling of the claim (e.g. Investigation Reports; records; reserves sheet; electronic claims diary; a claims review report; team controversion report)?

**ANSWER:**

**INTERROGATORY NO. 11:**    Please list and describe the types of property conditions that are, in your opinion, evidence of windstorm or hail damage.

**ANSWER:**

8

## *EXHIBIT C*

**INTERROGATORY NO. 12:**      Do you contend that the insured premises were damaged by flood water, storm surge and/or any excluded peril? If so, state the general factual bases for this contention.

**ANSWER:**

**INTERROGATORY NO. 13:**      Do you contend that Plaintiff failed to satisfy any condition precedent to recovery or that any act or omission by the Plaintiff voided, nullified, waived, or breached the insurance policy in any way?   If so, state the general factual bases for this contention(s).

**ANSWER:**

**INTERROGATORY NO. 14:**      Please identify the written procedures or policies (including document(s) maintained in electronic form) you maintained for your internal or third party adjusters to use in connection with handling property and casualty claims arising out of storms of the type made the basis of Plaintiff's insurance claim.

**ANSWER:**

**INTERROGATORY NO. 15:**      How is the performance of adjusters involved in handling Plaintiff's claim evaluated?   State the following:

     a.   what performance measures are used; and
     b.   describe your bonus or incentive plan for adjusters.

**ANSWER:**

9

11/12/2019 5:07 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38437144
By: Lewis John-Miller
Filed: 11/12/2019 5:07 PM

# *EXHIBIT C*

### CAUSE NO. 2019-79576

| | | |
|---|---|---|
| RAUL BUSTOS AND OLIVIA BUSTOS | § | |
| **PLAINTIFF** | § | |
| | § | |
| VS. | § | IN THE 55th District Court |
| | § | |
| STATE FARM LLOYDS | § | HARRIS COUNTY, TX |
| **DEFENDANT** | § | |
| | § | |
| | § | |
| | § | |
| | § | |

### RETURN OF SERVICE

**ON Wednesday, November 6, 2019 AT 4:35 PM**
CITATION, PLAINTIFF'S ORIGINAL PETITION, PLAINTIFF'S REQUESTS FOR PRODUCTION OF
DEFENDANT STATE FARM LLOYDS, PLAINTIFF'S INTERROGATORIES TO DEFENDANT STATE FARM
LLOYDS for service on STATE FARM LLOYDS C/O REGISTERED AGENT CORPORATION SERVICE
COMPANY came to hand.

**ON Tuesday, November 12, 2019 AT 9:16 AM, I, Dane R Cuppett, PERSONALLY
DELIVERED THE ABOVE-NAMED DOCUMENTS TO:** STATE FARM LLOYDS C/O REGISTERED
AGENT CORPORATION SERVICE COMPANY, by delivering to Samantha Guerra, 211 E 7TH ST STE
620, AUSTIN, TRAVIS COUNTY, TX 78701.

My name is Dane R Cuppett. My address is 7421 BURNET ROAD NO. 501, AUSTIN, TX 78757. I am
a private process server certified by the Texas Judicial Branch Certification Commission (PSC
07114, expires 10/31/2021). My date of birth is 10/9/1984. I am in all ways competent to make
this statement, and this statement is based on personal knowledge. I am not a party to this case
and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true
and correct.

Executed in TRAVIS COUNTY, TX on Tuesday, November 12, 2019 AT 9:16 AM.

/S/ Dane R Cuppett

Cooperstown/Bustos

Doc ID: 268263_1

*EXHIBIT C*

Receipt Number: 850883
Tracking Number: 73691673

EML
COPY OF PLEADING PROVIDED BY PLT

CAUSE NUMBER: 201979576

| | |
|---|---|
| PLAINTIFF: BUSTOS, RAUL | In the 055th Judicial |
| vs. | District Court of |
| DEFENDANT: STATE FARM LLOYDS | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: STATE FARM LLOYDS BY SERVING ITS REGISTERED AGENT (CORPORATION SERVICE COMPANY)

211 E 7TH STREET SUITE 620

AUSTIN TX 78701-3218

   Attached is a copy of PLAINTIFFS ORIGINAL PETITION PLAINTIFFS REQUESTS FOR PRODUCTION TO DEFENDANT PLAINTIFFS INTERROGATORIES TO DEFENDANT.

This instrument was filed on October 31, 2019, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

   YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

   ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this November 1, 2019.

*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: PATRICIA JONES

Issued at request of:
LANE, ROBERT CHAMLESS
6200 SAVOY DRIVE SUITE 1150
HOUSTON, TX  77036
713-595-8200

Bar Number: 24046263

12/9/2019 10:53 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 39078104
By: Carolina Salgado
Filed: 12/9/2019 10:53 AM

## *EXHIBIT C*

### CAUSE NO. 2019-79576

| | | |
|---|---|---|
| **RAUL BUSTOS AND OLIVIA BUSTOS** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **vs.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS** | § | **55TH JUDICIAL DISTRICT** |

### DEFENDANT STATE FARM LLOYDS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, STATE FARM LLOYDS (hereinafter, "State Farm"), Defendant in the above-entitled and numbered cause, and files its Original Answer to the allegations contained in Plaintiffs' Petition, and all subsequent amended or supplemental petitions filed against it and would show as follows:

### I.
### GENERAL DENIAL

1. State Farm generally denies all of the material allegations contained in Plaintiffs' Original Petition, and any amendments thereto, and demands strict proof thereof as allowed under the laws of the State of Texas.  By this general denial, State Farm would require Plaintiffs to prove every fact to support the claims in Plaintiffs' Original Petition, and any amendments thereto, by a preponderance of the evidence.

### II.

### DEFENSES

2. **Policy Coverage Provisions.**  Under the Insuring Agreement, Plaintiffs bear the burden to prove damage resulting from an occurrence of accidental direct physical loss to the insured property during the policy period. Plaintiffs lack proof that any additional damages resulted from any accidental direct physical loss during the policy period.

# *EXHIBIT C*

3.      **Payment.**  State Farm is entitled to an offset or credit against Plaintiffs' damages, if any, in the amount of all payments State Farm has made to or on behalf of Plaintiffs under the Policy in connection with the damages and the insurance claim that give rise to Plaintiffs' claims in this lawsuit.

4.      **Deductible/Offset.**  State Farm is entitled to on offset or credit against Plaintiffs' damages, if any, in the amount of Plaintiffs' deductible.

5.      **Limit of Liability.**  State Farm's liability, if any, is limited to the amount of the Policy limits under the subject Policy, pursuant to the "Limit of Liability" and other clauses contained in the Policy sued upon.

6.      **Failure of Policy Considerations/Conditions Precedent.**  State Farm hereby asserts all conditions of the Policy at issue including but not limited to all terms, deductibles, limitations, exclusions, and all "duties after loss." Specifically, Plaintiffs have failed to satisfy the conditions of the Policy requiring Plaintiffs to preserve evidence of the damage, to provide evidence when reasonably requested, and to mitigate further damage. The Policy states:

### SECTION I – CONDITIONS

2.      **Your Duties After Loss**. After a loss to which this insurance may apply, you shall see that the following duties are performed:

a.      give immediate notice to us or our agent…

b.      protect the property from further damage or loss, make reasonable and necessary temporary repairs required to protect the property, keep an accurate record of repair expenditures;

* * * * *

d.      as often as we reasonably require:

(1)      exhibit the damaged property;

(2)      provide us with records and documents we request and permit us to make copies

(3)      submit to and subscribe, while not in the presence of any other insured:

(a) statements; and

(b) examinations under oath….

# *EXHIBIT C*

7.     **Pre-Existing Damages.**  Plaintiffs' claims are barred, in whole or in part, because the damages and losses alleged in Plaintiffs' Petition, none being admitted, pre-existed the alleged occurrence of wind, hail, or wind-driven rain.

8.     **Normal Wear and Tear.**  Plaintiffs' claims are barred, in whole or in part, because the damages and losses alleged in Plaintiffs' Petition, none being admitted, were proximately caused, in whole or in part, by normal wear and tear. The Policy states:

## SECTION I – LOSSES NOT INSURED

1.   We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

     *  *  *  *  *

   g.  wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;

     *  *  *  *  *

   i.  mold, fungus or wet or dry rot….

   l.  settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs, or ceilings.

3.   We do not insure under any coverage for any loss consisting of one or more of the items below. Further, we do not insure for loss described in paragraphs 1.and 2. immediately above regardless of whether one or more of the following: (a)directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

   b.  defect, weakness, inadequacy, fault or unsoundness in:

       (2) design, specifications, workmanship, construction, grading, compaction;

       (3) materials used in construction or repair; or

       (4) maintenance;

   c.  weather conditions.

# EXHIBIT C

9.      **Flood, Surface Water or Neglect.**  Plaintiffs' claims are barred, in whole or in part, because the damages and losses alleged in Plaintiffs' Petition, none being admitted, were proximately caused, in whole or in part, by flood, surface water or neglect. The policy states:

## SECTION I – LOSSES NOT INSURED

2.   We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other cause of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural forces, or occurs…

* * * * *

c.   **Water Damage**, meaning:
   (1)   Flood, surface water, waves (including tidal wave, tsunami, and seiche), tides, tidal wave, overflow of any body of water, or spray or surge from any of these, all whether driven by wind or not;

   (2)   water or sewage from outside the residence premises plumbing system that enters through sewers or drains, or water which enters into and overflows from within a sump pump, sump pump well or any other system designed to remove subsurface water which is drained from the foundation area…

   (3)   water the below the surface of the ground, including water which exerts pressure on, or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure; or

   (4)   material carried or otherwise moved by any of the water, as described in paragraphs (1) through (3) above.

* * * * *

d.   **Neglect**, meaning neglect of the insured to use all reasonable means to save and preserve the property at and after the time of a loss, or when property is endangered.

## *EXHIBIT C*

10.     **Personal Property.**  Plaintiffs' claims are barred, in whole or in part, because the damages and losses alleged in Plaintiffs' Petition, none being admitted, were not proximately caused, in whole or in part, by a wind or hail created opening in the roof or a wall.  The policy states:

### COVERAGE B - PERSONAL PROPERTY

We insure for accidental direct physical loss to property described in Coverage B caused by the following perils, except as provided in **SECTION I - LOSSES NOT INSURED**:

d.    **Windstorm or hail**. This peril does not include loss to property contained in a building caused by rain, snow, sleet, sand or dust. This limitation does not apply when the direct force of wind or hail damages the building causing an opening in a roof or wall and the rain, snow, sleet, sand or dust enters through this opening.

### SECTION I - LOSSES NOT INSURED

2.   We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces…

11.     **Bona Fide/Legitimate Dispute.**   A bona fide and legitimate dispute exists precluding Plaintiffs' recovery of damages under extra-contractual theories including the common law duty of good faith and fair dealing, and for violations of the Texas Insurance Code or any other statutory or common law authority.

12.     **No Waiver.**  Plaintiffs' claims are barred, in whole or in part, because State Farm did not waive any of its rights under the Policy. The Policy states: "A waiver or change of any

## *EXHIBIT C*

provision of this policy must be in writing by [State Farm] to be valid. State Farm made no such waiver in this case.

      **13.**    **Cap on Punitive Damages.**  Texas Civil Practice and Remedies Code §41.001, *et. seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and common law. Further, unless Plaintiffs prove State Farm's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate State Farm's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

      **14.**    **Written Notice of Claim.**  Defendant specifically denies that Plaintiffs provided State Farm with "notice of claim" pursuant to §§ 542.051(4) and 542.055(a) of the Texas Insurance Code. The statute specifically states "'[n]otice of a claim' means any written notification provided by a claimant to an insurer that reasonably apprises the insurer of the facts relating to the claim." TEX. INS. CODE § 542.051(4). Because written notification was not provided by Plaintiffs, they are barred from recovering under Chapter 542 of the Texas Insurance Code. Defendant also specifically denies that the Policy obligated State Farm to inform Plaintiffs that written notice of the claim was required, and Defendant specifically denies that it was under any duty to provide notice regarding the applicability of Chapters 541 or 542 of the Texas Insurance Code.

      **15.**    **Chapter 542A.**  Defendant asserts the limitations on the recovery of attorneys' fees, if any, as per TEX. INS. CODE § 542A.007.

      **16.**    **Statute of Limitations**.  Defendant asserts that Plaintiffs' claims are barred by the statute of limitations.

**III.**
**<u>RIGHT TO AMEND</u>**

# *EXHIBIT C*

**17.**     State Farm reserves the right to amend this Original Answer pursuant to the Texas

Rules of Civil Procedure.

**WHEREFORE, PREMISES CONSIDERED**, Defendant, STATE FARM LLOYDS,

respectfully requests that upon final trial and hearing hereof, that Plaintiffs take nothing and that

Defendant recover its costs, fees, and expenses, and for such other further relief to which

Defendant may show itself to be justly entitled, both in law and at equity.

Respectfully submitted,

**GERMER PLLC**

By: _____

**DALE M. "RETT" HOLIDY**
State Bar No. 00792937
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 - Telephone
(713) 739-7420 - Facsimile
rholidy@germer.com

**ATTORNEY FOR DEFENDANT,**
**STATE FARM LLOYDS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on
all counsel of record on this 9th day of December, 2019.

Robert C. Lane                                              **VIA E-SERVICE**
Stephanie L. Vera
Joshua D. Gordon
Richard D. Daly
THE LANE LAW FIRM, PLLC
6200 Savoy Drive, Suite 1150
Houston, Texas 77036

_____

**DALE M. "RETT" HOLIDY**

12/9/2019 10:53 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 39078104
By: Carolina Salgado
Filed: 12/9/2019 10:53 AM

# *EXHIBIT C*

## CAUSE NO. 2019-79576

| | | |
|---|---|---|
| **RAUL BUSTOS AND OLIVIA BUSTOS** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **vs.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS** | § | **55TH JUDICIAL DISTRICT** |

## <u>DEMAND FOR JURY TRIAL</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **STATE FARM LLOYDS**, Defendant herein and demands a trial by jury.  The requisite jury fee is being tendered with the filing of this demand.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that the Court grant a trial by jury.

Respectfully submitted,

**GERMER PLLC**

By: _____
 **DALE M. "RETT" HOLIDY**
 State Bar No. 00792937
 America Tower
 2929 Allen Parkway, Suite 2900
 Houston, Texas 77019
 (713) 650-1313 - Telephone
 (713) 739-7420 - Facsimile
 rholidy@germer.com

**ATTORNEY FOR DEFENDANT**
**STATE FARM LLOYDS**

# *EXHIBIT C*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on this 9th day of December, 2019.

Robert C. Lane                                                                         <u>VIA E-SERVICE</u>
Stephanie L. Vera
Joshua D. Gordon
Richard D. Daly
THE LANE LAW FIRM, PLLC
6200 Savoy Drive, Suite 1150
Houston, Texas 77036



_____

**DALE M. "RETT" HOLIDY**

# Envelope ID :39078104

*EXHIBIT C*

# Case Number : 201979576

# Case Type

| | |
|---|---|
| **Jurisdiction :** Harris County - 55th Civil District Court | **Case Category :** Civil - Contract |
| **Case Type :** Insurance | **Filer Type :** Attorney |
| **Payment Account:** File & ServeXpress CC | **Attorney :** Dale Holidy |
| **Case Number:** 201979576 | |
| **Client Matter ID:** 100229 | **Date Filed:** 12/9/2019 10:53:11 AM |

# Parties   4

| Sending Party | Party Type | Name | Address |
|---|---|---|---|
| | Registered Agent | STATE FARM LLOYDS BY SERVING ITS REGISTERED AGENT CORPORATION NA | 211 E 7TH STREET SUITE 620, AUSTIN, TX 78701-3218 , AUSTIN , Texas , 787013218 |
| | Plaintiff / Petitioner / Old Name | BUSTOS OLIVIA | |
| ☑ | Defendant / Respondent | STATE FARM LLOYDS NA | 211 E 7TH STREET SUITE 620, AUSTIN, TX 78701-3218 , AUSTIN , Texas , 787013218 |
| | Plaintiff / Petitioner / Old Name | BUSTOS RAUL | |

# Documents

| Status | Filing Code | Filing Description | Original Document | Converted Document | Stamped Document | Optional Services | Document Category | Document Description | Fees |
|---|---|---|---|---|---|---|---|---|---|

*EXHIBIT C*

| Status | Filing Code | Filing Description | Original Document | Converted Document | Stamped Document | Optional Services | Document Category | Document Description | Fees |
|---|---|---|---|---|---|---|---|---|---|
| **Submitted** cancel **Note to Clerk:** | Answer/Response / Waiver (Lead Document) | Defendant State Farm Lloyds' Original Answer | BUSTOS - Answer SFL.pdf | | | | Answer to Original Petition | Defendant State Farm Lloyds' Original Answer | $0.00 |
| **Submitted** cancel **Note to Clerk:** | No Fee Documents (Lead Document) | Demand for Jury Trial | BUSTOS - Jury Demand.pdf | | | Jury Fee(1 * $40.00) | Jury Charge | Demand for Jury Trial | $40.00 |

**Responsible for Filing Fees :** STATE FARM LLOYDS NA

**Send Accepted Notifications To:**

## Service Contact 8

| e-Serve | Name | Email Address | Public | Attached To | Status | Date Opened |
|---|---|---|---|---|---|---|
| No | Amber Zayas | azayas@germer.com | Yes | STATE FARM LLOYDS NA | | Unopened |
| Yes | Christine Hernandez | chernandez@germer.com | Yes | STATE FARM LLOYDS NA | Sent | Unopened |
| No | Cynthia Wallace | cwallace@germer.com | Yes | STATE FARM LLOYDS NA | | Unopened |
| No | Erika Lopez | elopez@germer.com | Yes | STATE FARM LLOYDS NA | | Unopened |
| No | Jim Tatem | jtatem@germer.com | Yes | STATE FARM LLOYDS NA | | Unopened |
| Yes | Joshua Gordon | joshua.gordon@lanelaw.com | No | BUSTOS OLIVIA | Sent | Unopened |
| Yes | Stephanie Vera | notifications@lanelaw.com | Yes | BUSTOS OLIVIA | Sent | Unopened |
| Yes | Stephanie Vera | stephanie.vera@lanelaw.com | No | BUSTOS OLIVIA | Sent | Unopened |

## Fees Calculation

*EXHIBIT C*

| Allowance Charge Reason | Amount |
|---|---|
| Case Initiation Fee($) | $0.00 |
| Filing Fee($) | $0.00 |
| Filing Fee($) | $0.00 |
| Optional Service Fee($) | $40.00 |
| Total Service Fees($) | $0.00 |
| Total Service Tax Fees($) | $0.00 |
| Convenience Fee($) | $1.23 |
| Total Provider Service Fees($) | $2.24 |
| Total Provider Tax Fees($) | $0.18 |
| Total Court Service Fees($) | $0.00 |
| **Total Fees($)** | **$43.65** |

**HCDistrictclerk.com**     BUSTOS, RAUL vs. STATE FARM LLOYDS     12/10/2019
Cause: 201979576     CDI: 7     Court: 055

*EXHIBIT C*

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 88430480 | Defendant State Farm Lloyds' Original Answer | | 12/09/2019 | 7 |
| 88430481 | Demand for Jury Trial | | 12/09/2019 | 2 |
| 88066044 | Return of Service State Farm Lloyds | | 11/12/2019 | 2 |
| 87879412 | Plaintiff's Original Petition | | 10/31/2019 | 10 |
| -> 87879414 | Plaintiff's Interrogatories to Defendant State Farm Lloyds | | 10/31/2019 | 9 |
| -> 87879413 | Plaintiff's Requests for Production of Defendant State Farm Lloyd | | 10/31/2019 | 12 |
| -> 87879415 | Request for Issuance of Service | | 10/31/2019 | 1 |